IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

MEDFORD DIVISION

| | |
|---|---|
| SOUTH COAST LUMBER CO., | Civ. No. 1:15-cv-01651-CL |
| Plaintiff, | |
| v. | REPORT & RECOMMENDATION |
| BLUE LAKE POWER, LLC, | |
| Defendant. | |

CLARKE, Magistrate Judge.

This case is currently before the court on Plaintiff's Motion (#11) for Default Judgment.

**BACKGROUND**

On September 1, 2015, Plaintiff filed this breach of contract action against Defendant. Plaintiff alleges that Defendant agreed to purchase wood fuel from Plaintiff at a rate of $43 per "bone dry ton" or "BDT." Plaintiff delivered 3,654.43 BDT to Defendant, but Defendant failed to pay Plaintiff the $157,140.49 owed. As a result, Plaintiff claims it is entitled to judgment against Defendant in the principal amount of $157,140.49 plus 9 percent interest accruing from July 24, 2015, the date Plaintiff sent a demand letter.

Page 1 – Report & Recommendation

On September 2, 2015, a Summons (#4) was issued to the Registered Agent for Defendant. On September 8, 2015, a process server served (#6) a copy of the summons, complaint, and civil case management order on the clerk on duty for Defendant's Registered Agent. The process server indicated (#5) that the clerk was "authorized to accept" the service on behalf of the Registered Agent. On October 19, 2015, Plaintiff sent copies of the documents to Defendant via First Class mail (#7).

To date, Defendant has failed to plead, defend, or otherwise appear in this action. The time for doing so set forth in Rule 12 has now expired. On October 28, 2015, Plaintiff moved (#8) the Clerk of Court for entry of default pursuant to Rule 55. The Clerk entered default (#10) the following day. On October 30, 2015, Plaintiff filed its currently pending motion (#11) for default judgment.

## DISCUSSION

Rule 55(b) identifies two routes to default judgment after an entry of default. On the plaintiff's request, the Clerk of the Court "must" enter default judgment if the defendant is "neither a minor nor an incompetent person" and "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). Otherwise, on the plaintiff's motion, the Court "may" enter default judgment. FED. R. CIV. P. 55(b)(2). In exercising its discretion whether to grant or deny a motion for default judgment, the Court must consider seven factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits. Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986). Default judgments are generally disfavored. Id. at 1472.

Plaintiff invokes the first option's standard. It argues that default judgment is appropriate because Defendant is not an infant or an incompetent person, and Plaintiff's claim is for a sum certain. However, it moves the Court, not the Clerk, for default judgment. Because Plaintiff's request is addressed to the Court, the Court will analyze its motion under subsection (2)'s discretionary standard.

The Eitel factors weigh in favor of default judgment. If default judgment were not granted, Plaintiff would not have an alternative legal remedy. Plaintiff's complaint states a sufficient claim, and proffered documents support its merits. The sum of money at stake is sizeable, but Plaintiff has established its certainty by providing documents that set forth the various amounts necessary for calculating the amount owed. Franchise Holding II, LLC. v. Huntington Restaurants Grp., Inc., 375 F.3d 922, 929 (9th Cir. 2004). There is no indication that Defendant's failure to appear was caused by excusable neglect. The policy in favor of a decision on the merits is not workable here since Defendant has not appeared or responded.

Plaintiff seeks recovery totaling $157,140.49 plus interest for wood fuel it delivered to Defendant. The parties' purchase agreement and outstanding invoices support this amount. Davis v. Fendler, 650 F.2d 1154, 1161 (9th Cir. 1981) (a plaintiff must establish damages by proof, unless the amount is liquidated or otherwise susceptible of computation). Plaintiff requested the same sum in its pleadings. FED. R. CIV. P. 54(c) (relief for cases of default judgment "must not differ in kind from, or exceed in amount, what is demanded in the pleadings.").

## RECOMMENDATION

For the reasons stated above, the court recommends that Plaintiff's motion for default judgment be granted in the amount of $157,140.49 plus interest.

*This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.* Any notice of appeal pursuant to Federal Rule of Appellate Procedure Rule 4(a)(1) should not be filed until entry of the district court's judgment or appealable order.

The Report and Recommendation will be referred to a district judge. *Objections to this Report and Recommendation, if any, are due fourteen (14) days from today's date. If objections are filed, any response to the objections is due fourteen (14) days from the date of the objections.* See FED. R. CIV. P. 72, 6.

DATED this ___1st___ day of December 2015.

MARK D. CLARKE
United States Magistrate Judge